# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DENNIS BELL, JR.,**
    **Plaintiff,**

  v.                                                      Case No. 23-CV-1450

**MILWAUKEE COUNTY, ET AL.,**
    **Defendants.**

## ORDER

Plaintiff Dennis Bell, Jr., who is incarcerated at Dodge Correctional Institution, filed this civil action along with a motion for leave to proceed without prepaying the full filing fee, or to proceed *in forma pauperis*. On November 27, 2023, I ordered plaintiff to submit his six-month trust account statement within thirty days, or by December 28, 2023. I stated that if plaintiff did not submit his trust account statement or notify the court that he was unable to do so by that deadline, this case may be dismissed for lack of diligence. Plaintiff filed two motions for extension of time to submit his trust account statement, which I granted. In the last order granting plaintiff's motion for extension of time, I extended the deadline for plaintiff to submit his trust account statement to February 29, 2024.

Plaintiff is required to submit a certified copy of his trust account statement from the institutions in which he was confined for the six months preceding the filing of this case. *See* 28 U.S.C. §1915(a)(2) (A prisoner "seeking to bring a civil action . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . ., obtained from the appropriate official of each prison at which the prisoner is or was

confined."). The February 29, 2024, deadline has passed, and plaintiff has not submitted his six-month trust account statement or shown cause for his failure to do so.

For the reasons stated, **IT IS ORDERED** that this case is with **dismissed without prejudice** for lack of diligence.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 statutory filing fee. Accordingly, the agency having custody of plaintiff shall collect from his institution trust account the $350 statutory filing fee **by collecting payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the account in any month in which either (1) the balance in the account exceeds $10 or (2) the income credited to the account in the preceding month exceeded $10.** The collected payments shall be sent to the clerk of court. The payments shall be clearly identified by the case name and number assigned to this case. If plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 7th day of March, 2024.

/s/ Lynn Adelman  
LYNN ADELMAN  
United States District Judge